UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODERICK HOLLIES | CIVIL ACTION |
| VERSUS | NO. |
| TRANSOCEAN OFFSHORE USA, INC.,<br>TRANSOCEAN OFFSHORE DEEPWATER<br>DRILLING, INC., SPENCER OGDEN, INC.<br>and 6CATS INTERNATIONAL | SECTION: |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff RODERICK

HOLLIES, a person of full age of majority and a resident of the Parish of Jefferson, State of

Louisiana, and for his Complaint, he respectfully avers as follows:

1.

This Honorable Court has jurisdiction over this matter pursuant to the Merchant Marine

Act, modified and commonly known as the Jones Act, 46 U.S.C. Appx. § 688 (now 46 U.S.C. §

30104), and pursuant to the General Maritime Law of the United States of America, and he

brings this suit pursuant to the "savings to suitors" clause of the United States Constitution.

2.

Made defendants herein are:

1. TRANSOCEAN OFFSHORE USA, INC., on information and belief, a foreign

   corporation authorized to do and doing business within the State of Louisiana and

   jurisdiction of this Honorable Court, who at all times herein was the owner, owner *pro*

   *hac vice*, and/or operator of the D/S DISCOVERER INDIA.

2. TRANSOCEAN OFFSHORE DEEPWATER DRILLING USA, INC., on information

   and belief, a foreign corporation authorized to do and doing business within the State of

   Louisiana and jurisdiction of this Honorable Court, who at all times herein was the

   owner, owner *pro hac vice*, and/or operator of the D/S DISCOVERER INDIA.

3. SPENCER OGDEN, INC., on information and belief, a foreign corporation authorized to

   do and doing business within the State of Louisiana and jurisdiction of this Honorable

   Court, and at all times herein, the employer and/or co-employer of plaintiff Roderick

   Hollies.

1

4.  6CATS INTERNATIONAL, on information and belief, a foreign corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all times herein, the employer and/or co-employer of plaintiff Roderick Hollies.

3.

Plaintiff, RODERICK HOLLIES, was at all pertinent times an employee of defendants, SPENCER OGDEN, INC. and/or 6CATS INTERNATIONAL and a member of the crew of the D/S DISCOVERER INDIA, a vessel owned and operated by the defendants, TRANSOCEAN OFFSHORE USA, INC. and/or TRANSOCEAN OFFSHORE DEEPWATER DRILLING USA, INC., performing his duties as a seaman aboard said vessel, working in the interest of said defendants, which defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. Appx. § 688 (now 46 U.S.C. § 30104), and pursuant to the General Maritime Law of the United States of America, and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution.

4.

On or about April 23, 2018, or a date more certain to the defendants, plaintiff was employed as a seaman aboard the D/S DISCOVERER INDIA, which vessel was in navigable waters of the Atlantic Ocean *en route* from Brazil to the Ivory Coast. On that date, plaintiff was performing his assigned duties aboard the vessel. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or the unseaworthiness of vessel owned and/or operated by the defendants, plaintiff was caused to sustain severe and disabling injuries as described herein when he fell while descending a flight of stairs.

5.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the unseaworthiness of the vessel owned and/or operated by the defendants and/or negligence and/or failure of the defendants, and their servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1.      Failure to provide plaintiff with a safe place in which to work;

2

2.    Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

3.    Failure to warn the plaintiff;

4.    Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on vessels owned and/or operated by the defendants;

5.    Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

6.    Failure to properly man the vessel;

7.    Creation and maintenance of unseaworthy vessel, and failure to properly maintain and repair the vessel;

8.    Hiring untrained and unskilled co-employees;

9.    Retaining employees found to be careless and/or unskilled;

10.   Failure to provide competent and adequate supervisory authority;

11.   Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

12.   Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

6.

Solely by reason of the negligence of the defendants and unseaworthiness of the vessel, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to injury to his left shoulder, lumbar spine and other body parts.  As a result, plaintiff has in the past and will in the future require medicines, medical care and treatment, have to expend funds and incur monetary obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.  He has also in the past and will in the future, lose wages and/or have a diminution of earning capacity and endure pain and suffering as well as loss of enjoyment of life as a result of his accident and injuries.

7.

As a direct and proximate result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendants herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, plus legal interest from the date of occurrence, attorney's fees, and all costs of these proceedings.

8.

Plaintiff repeats and re-alleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the

aforementioned injuries which plaintiff received aboard the vessel, he was injured in the course and scope of his employment as a cook onboard the D/S DISCOVERER INDIA and thereby rendered unfit for duty as a seaman from the date of the accident, on or about April 23, 2018.

9.

Pursuant to the General Maritime Laws of the United States of America, the employer defendants owed the absolute and non-delegable duty to provide plaintiff with maintenance and cure benefits from the date of his injury until full recovery.

10.

Thus, the defendants are indebted unto the plaintiff for maintenance and cure benefits in the amount of FIFTY ($50.00) DOLLARS per day from April 23, 2018 until he has fully recovered from his injuries, or such amount as he is legally entitled to, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

11.

In addition, the employer defendants have refused and/or failed to timely pay plaintiff's maintenance and cure benefits. The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious and/or otherwise without cause. As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition. As a result thereof, the defendants are liable unto the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009).

WHEREFORE, plaintiff prays that defendants be served with a copy of this Complaint, and after due proceedings had and the expiration of all legal delays herein:

a)      There be a judgment rendered in favor of the plaintiff, RODERICK HOLLIES, and against defendants, TRANSOCEAN OFFSHORE USA, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., SPENCER OGDEN, INC. and 6CATS INTERNATIONAL, for damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorney's fees, and all costs;

b)      There be a judgment rendered herein in favor of plaintiff and against the employer defendants for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY

($50.00) DOLLARS, plus interest from the date of occurrence, costs and attorney's fees therefore, all in a true sum to be determined at the trial of this case;

    c)    There be judgment herein in favor of the plaintiff and against the employer defendants for additional compensatory damages and punitive damages for the defendants' willful, wanton, arbitrary, capricious, and/or otherwise without cause failure and/or refusal to pay plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

    d)    For any and all other relief which the law and justice provide.

Respectfully Submitted,

/s/ Kristi A. Post
Lawrence Blake Jones  (7495)
Kristi A. Post  (17752) – T.A.
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, Suite 4100
New Orleans, Louisiana  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380
E-mail:  kpost@nola-law.com

**PLEASE SERVE:**

**TRANSOCEAN OFFSHORE USA, INC.**
Through their registered agent for service of process:
Capitol Corporate Services, Inc.
8550 United Plaza Blvd. II, Ste. 305
Baton Rouge, LA  70809

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING USA, INC.**
Through their registered agent for service of process:
Capitol Corporate Services, Inc.
8550 United Plaza Blvd. II, Ste. 305
Baton Rouge, LA  70809

**SPENCER OGDEN, INC.**
Via the Louisiana Longarm Statute:
811 Main Street, Suite 2150
Houston, Texas 77002

**6CATS INTERNATIONAL**
Via International Hague Convention:
Floor 1
1 Sun Street
London, ECZA, 2EP