UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RODERICK HOLLIES**                                      **CIVIL ACTION NO: 19-11592**

**VERSUS**

**SECTION: T**

**TRITON ASSET LEASING GMBH,**
**TRANSOCEAN OFFSHORE**
**DEEPWATER DRILLING, INC.,**
**SPENCER OGDEN, INC., AND 6CATS**
**INTERNATIONAL, LIMITED**

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Kinsale Insurance Company ("Kinsale"). Spencer Ogden, Inc. ("Spencer Ogden") has filed an opposition.[2] Transocean Offshore Deepwater Drilling Inc. ("Transocean") has also filed an opposition.[3] For the following reasons, the Motion for Summary Judgment[4] is **GRANTED.**

## BACKGROUND

On April 23, 2018, while assisting the marine crew, Roderick Hollies ("Plaintiff") fell while descending a stairway on the vessel D/S Discoverer India while working as a roustabout. This incident allegedly occurred while the vessel sailed in the international waters of the Atlantic Ocean, en route from the Gulf of Mexico to the Ivory Coast.[5] Plaintiff brought claims against Transocean as owner of the vessel and Spencer Ogden as Plaintiff's employer. Transocean's answer to Plaintiff's complaint asserts a third-party complaint against Kinsale alleging that Transocean is entitled to the benefits of indemnity and defense pursuant to an insurance policy

---

[1] R. Doc. 84.
[2] R. Doc. 96.
[3] R. Doc. 98.
[4] R. Doc. 84.
[5] R. Doc. 36, p.3.

1

issued by Kinsale to Spencer Ogden.[6] The policy of insurance in question, bearing Policy Number 0100013559-4, was issued by Kinsale to its named insured, Spencer Ogden.[7]

Kinsale contends it is entitled to a judgment as a matter of law because the policy affords coverage only if the injury giving rise to this claim occurred within the coverage territory, and that the injury in this case did not occur within the coverage territory. "Coverage Territory" means:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada;
b. The waters of the Gulf of Mexico;
c. International waters other than the waters of the Gulf of Mexico or international airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a. above; or
d. All other parts of the world if the injury or damage arises out of:
   1) Goods or products made or sold by you in the territory described in a. above;
   2) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; or
   3) "Personal and advertising injury" offenses that take place through the internet or similar electronic means of communication.[8]

Because Plaintiff alleges he was injured in international waters while en route to Africa, Kinsale claims that Plaintiff's injury did not occur within the "coverage territory," and that Kinsale's policy is, therefore, inapplicable.

Both Spencer Ogden and Transocean contend that Section (d)(2) is applicable in this case because Plaintiff was away for a "short time on your business" as contemplated by the exception. Spencer Ogden and Transocean assert that Plaintiff's term of service was one of short duration, only three weeks, from April 14, 2018 to May 6, 2018 and that Plaintiff was to be replaced by locals once on site at the Ivory Coast. Therefore, Spencer Ogden and Transocean claim Plaintiff's accident occurred within a "coverage territory."

---

[6] R. Doc. 23.
[7] R. Doc. 84-3.
[8] R. Doc. 84-3, p.39.

In response, Kinsale contends that Section (d) does not apply to injuries in international waters because it does not state that it applies to "all parts of the world," but rather, it states it applies to "all other parts of the world."[9] Kinsale asserts that the word "other" can have only one meaning: "other" than the parts of the world referenced in the preceding sections.. Thus, Kinsale claims that the coverage afforded under Section (d) applies only where the injury occurs somewhere "other" than (a) United States of America (including its territories and possessions), Puerto Rico and Canada, (b) the Gulf of Mexico or (c) international waters. Because Plaintiff was not in an "other" part of the world, but rather, was in international waters, Kinsale contends Section (d) cannot apply.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[12]

"The interpretation of an unambiguous insurance policy is a question of law and is therefore appropriate for summary judgment."[13] Under Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation

---

[9] R. Doc. 103, p.3.
[10] Fed. R. Civ. P. 56(a).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[12] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[13] *Snelling & Snelling, Inc. v. Fed. Ins. Co.,* 205 Fed. Appx. 199, 201 (5th Cir. 2006).

of contracts set forth in the Civil Code."[14] According to the Civil Code, "[i]nterpretation of a contract is the determination of the common intent of the parties."[15] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[16] Additionally, "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."[17] With respect to insurance contracts, "[t]he parties' intent, as reflected by the words of the policy, determine the extent of coverage."[18] The insured bears the burden of establishing whether any of the facts pleaded in the complaint possibly fall within matters covered under the insuring clause in the "duty-to-defend" analysis.[19]

In this case, it is undisputed that the policy only applies to injuries within the "coverage territory," and there is no dispute regarding the definition of "coverage territory" contained in the policy. Additionally, the parties do not dispute that Plaintiff was traveling to Africa aboard the D/S Discoverer India at the time of the accident. Plaintiff has alleged that his injury occurred while "in the Atlantic Ocean,"[20] and there has been no competent summary judgment evidence submitted to show that Plaintiff's injury occurred elsewhere. Because Plaintiff allegedly sustained his injuries in international waters, Section (c) governs whether the "coverage territory" requirement is satisfied, and it is undisputed that Section (c) "only" covers injuries if the injury occurs in the "course of travel or transportation between" the United States of America (including its territories and possessions), Puerto Rico and Canada. Plaintiff's injury did not occur in the course of travel

---

[14] *Bernard v. Ellis*, 111 So.3d 995, 1002 (La. 2012).
[15] La. Civ. Code art. 2045.
[16] La. Civ. Code. art. 2046.
[17] La. Civ. Code art. 2050.
[18] *Elliott v. Cont'l Cas. Co.*, 949 So.2d 1247, 1254 (La. 2007).
[19] *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir.2009) (*citing Doerr v. Mobil Oil Corp.*, 774 So.2d 119, 124 (La.2000), *modified on other grounds*, 782 So.2d 573 (La.2001)).
[20] R. Doc. 36, p.3.

between the United States of America, Puerto Rico and Canada. Therefore, Plaintiff's injury did not occur in a "coverage territory" within the meaning of Section (c).

Although Spencer Ogden and Transocean contend that Section (d)(2) is applicable because Plaintiff was away for a "short time on your business," Spencer Ogden and Transocean fail to establish that Plaintiff's injuries occurred somewhere other than in international waters. Because Plaintiff's injuries allegedly occurred in international waters, Section (c) applies to Plaintiff's injury, not Section (d). As Kinsale points out, Section (d) applies only to "all other parts of the world," which must mean "other" than the parts of the world referenced in the preceding sections under the rules of contractual interpretation. The Court must interpret each provision in the policy in light of the other provisions so that each is given the meaning suggested by the contract as a whole.[21] Therefore, the Court finds that Kinsale is entitled to judgment as a matter of law dismissing Transocean's third-party complaint against Kinsale because the incident at issue did not occur within a coverage territory under the policy.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the Motion for Summary Judgment[22] filed by Kinsale Insurance Company is **GRANTED,** and Transocean's third-party complaint against Kinsale Insurance Company are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana**, on this 3rd day of November, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[21] La. Civ. Code art. 2050.
[22] R. Doc. 84.