## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RODERICK HOLLIES**                                    **CIVIL ACTION NO: 19-11592**

**VERSUS**
                                                        **SECTION: T**

**TRITON ASSET LEASING GMBH,**
**TRANSOCEAN OFFSHORE**
**DEEPWATER DRILLING, INC.,**
**SPENCER OGDEN, INC., AND 6CATS**
**INTERNATIONAL, LIMITED**

## ORDER

Before the Court is a Motion to Exclude Report and Testimony of Robert Borison[1] filed by Spencer Ogden, Inc. ("Spencer Ogden") and a Motion *in Limine* to Exclude the Testimony of Robert E. Borison[2] filed by the Transocean defendants ("Transocean"). Roderick Hollies ("Plaintiff") has filed an opposition.[3] For the following reasons, the motions are **GRANTED.**

## BACKGROUND

This action arises out of injuries sustained by Plaintiff on April 23, 2018 while descending a stairway on the vessel D/S Discover India. Plaintiff has submitted the expert report of Robert Borison as his safety expert. In the report, Borison offers two opinions. First, Borison opines that the stairway was not safe because he estimated that the tread width of the stairs was 5" and, because Plaintiff has a size 12 foot, he could not fit his whole foot on the step.[4] Second, Borison opines that Plaintiff was not trained how to safely descend the stairway, which Borison characterizes as an incline ladder.

---

[1] R. Doc. 109.
[2] R. Doc. 115.
[3] R. Doc. 122.
[4] R. Doc. 109-4.

Spencer Ogden has moved to exclude the report and prospective testimony of Borison contending that no expert testimony is needed because this is a simple case. Spencer Ogden further contends Borison's report and prospective testimony do not aid the trier of fact with any scientific, technical, or specialized knowledge, and do not meet the requirements of Federal Rule of Evidence 702. Transocean defendants have also moved to exclude the testimony of Borison contending that this case is so simple expert testimony is just not needed. Additionally, Transocean defendants claim that Borison's opinions are beyond his expertise and are conjectures, based upon misinterpretations of Federal regulations, recommended practices, and interpretations of Transocean's manual.

Hollies opposes the motions to exclude Borison's opinions contending that, while this case may appear to involve a "simple fall," there is a great deal of contention surrounding whether the structure Hollies fell from was an inclined ladder or a stairway and what is required of the employer and vessel owner under these scenarios. Additionally, Hollies claims Borison's expertise in offshore safety, including ladder and stairway usage, the industry standards applicable to the use of these structures, and the necessary training required to properly ascend and descend these structures safety under these differing scenarios, would greatly assist the trier of fact in this case.

## LAW AND ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert

has reliably applied the principles and methods to the facts of the case."[5] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[6]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[7] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[8] Second, the court must determine whether the testimony will assist the trier of fact to understand the evidence.[9] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[10] However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue."[11] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[12]

The Court finds Borison's testimony will not assist the trier of fact to understand the evidence in this case. Because this is a bench trial, the Court has great discretion in allowing or excluding evidence at trial.[13] Borison's opinion begins with a summary of the accident and a description of the angle of the ladder.[14] Borison's opinion recommends that a worker should use "Stairs, ladders, or ramps" when climbing from one elevation to another, and describes the

---

[5] Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir.2006).
[6] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998).
[7] *Daubert*, 509 U.S. at 588; *Hitt*, 473 F.3d at 148.
[8] *Daubert*, 509 U.S. at 590.
[9] *Daubert*, 509 U.S. at 591.
[10] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (*quoting Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).
[11] *Huss*, 571 F.3d at 452.
[12] *Huss*, 571 F.3d at 452.; *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[13] *See Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[14] R. Doc. 109-4, p.5.

3

recommended types of stairs, ladders, or ramps.[15] Additionally, Borison's opinion is based primarily on photographs and deposition testimony, rather than any scientific or technical knowledge beyond the understanding of an ordinary person. Therefore, the Court finds that no expertise was required or used to render this opinion, and that the opinion would not assist the Court in resolving any issues in this case.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion to Exclude Report and Testimony of Robert Borison[16] and the Motion *in Limine* to Exclude the Testimony of Robert E. Borison[17] are **GRANTED.**

**New Orleans, Louisiana**, on this 3rd day of November, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 104-4, p.6.
[16] R. Doc. 109.
[17] R. Doc. 115.