UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RODERICK HOLLIES

CIVIL ACTION NO: 19-11592

VERSUS

SECTION: T

TRITON ASSET LEASING GMBH,
TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC.,
SPENCER OGDEN, INC., AND 6CATS
INTERNATIONAL, LIMITED

### ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Transocean Offshore Deepwater Drilling Inc. and Triton Asset Leasing GmBH ("Transocean") regarding their crossclaim against Spencer Ogden, Inc. ("Spencer Ogden"). Spencer Ogden has filed an opposition.[2] For the following reasons, the Motion for Summary Judgment[3] is **GRANTED.**

### BACKGROUND

As more fully detailed in several previous orders,[4] this matter arises out of injuries sustained by Roderick Hollies ("Plaintiff") while working on the vessel D/S Discoverer India on April 23, 2018. Plaintiff brought claims against Transocean as owner of the vessel and Spencer Ogden as Plaintiff's employer. Transocean brought a crossclaim against Spencer Ogden contending Transocean is entitled to contractual indemnity from Spencer Ogden because Plaintiff was an employee of Spencer Ogden at the time of the incident.[5] Transocean asserts that the "Master Purchasing Agreement" governing the relationship between Transocean and Spencer Ogden

---

[1] R. Doc. 114.
[2] R. Doc. 121.
[3] R. Doc. 114.
[4] R. Docs. 150, 151, 153, 153, and 155.
[5] R. Doc. 23.

1

provides that Plaintiff was a member of "Supplier Group" as defined by the contract.[6] Transocean now moves for summary judgment contending the undisputed material facts show that Spencer Ogden is contractually obligated to provide complete defense and indemnity to Transocean from and against the claims asserted by the Plaintiff in this matter. Spencer Ogden contends that there is a genuine issue of material fact regarding whether Plaintiff was Spencer Ogden's employee at the time of the incident, and that Transocean is, therefore, not entitled to summary judgment.

## **LAW AND ANALYSIS**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[8] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[9]

It is undisputed that the Master Purchasing Agreement was in effect at the time of Plaintiff's accident. Section 14 of the Master Purchasing Agreement is entitled "INDEMNITY" and provides, in part:

> 14.1 Supplier shall at all times be responsible for, shall release and shall defend, protect, indemnify and hold harmless Purchasing Group and Customer Group from and against any and all Claims in respect of: (i) personal injury to or sickness, illness or disease or death of any person who is a member of Supplier Group arising out of or relating to or in connection with any Purchase Order; and/or…

Section 1 of the Master Purchasing Agreement is entitled "DEFINITIONS" and provides, in part:

---

[6] R. Doc. 23.
[7] Fed. R. Civ. P. 56(a).
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[9] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

> 1.4 "Customer Group" shall mean and include Customer, any co-venturer of Customer in any license block or concession area in which or in connection with the Services are being performed or the Goods are being supplied and its and their Affiliates, its and their respective officers, directors, employees, agents, servants, insurers, invitees and, only to the extent that Customer provides substantially reciprocal indemnity protection to Supplier Group in its contract with Purchaser or any of its Affiliates, Customer's and its Affiliates' other contractors, sub-contractors and suppliers of any tier (excluding Supplier Group and Purchasing Group), its and their Affiliates and its and their respective officers, directors, shareholders, employees, representatives, and consultants, agents, servants, heirs, assigns, insurers, subrogees and invitees.
>
> …
>
> 1.15 "Supplier Group" shall mean and include Supplier, its Affiliates and its and their sub-suppliers and suppliers of any tier and its and their respective Affiliates, officers, directors, shareholders, employees, representatives, consultants, agents, servants, heirs, assigns, insurers, subrogees and invitees.

Transocean contends Plaintiff was a part of the "Supplier Group" because he was a direct employee of Spencer Ogden on April 23, 2018 and because all traditional employment matters were handled by Spencer Ogden.

The summary judgment evidence proves that Plaintiff was Spencer Ogden's employee at the time of incident. First, Plaintiff testified that he was employed by Spencer Ogden at the time of incident.[10] Plaintiff further testified about the relationship between Spencer Ogden and 6CATS International, Limited ("6CATS"), explaining that Spencer Ogden was his employer and that 6CATS would pay Plaintiff when Plaintiff was working internationally.[11] Additionally, this Court previously granted 6CATS's motion for summary judgment finding that Spencer Ogden was Plaintiff's employer.[12] Therefore, the Court finds Transocean is entitled to indemnity under the terms of the Master Purchasing Agreement because Plaintiff was part of the "Supplier Group" as a direct employee of Spencer Ogden.

---

[10] R. Doc. 114-4, p. 21.
[11] R. Doc. 114-4, p. 49.
[12] R. Doc. 151.

3

## CONCLUSION

Accordingly, **IT IS ORDERED** that the Motion for Summary Judgment[13] filed by Transocean Offshore Deepwater Drilling Inc. and Triton Asset Leasing GmBH is **GRANTED.**

**New Orleans, Louisiana**, on this 20th day of November, 2020.

                                              **GREG GERARD GUIDRY**
                                           **UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 114.