UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RODERICK HOLLIES

VERSUS

TRITON ASSET LEASING GMBH,
TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC.,
SPENCER OGDEN, INC., AND 6CATS
INTERNATIONAL, LIMITED

CIVIL ACTION NO: 19-11592

SECTION: T

# ORDER

Before the Court is a Motion to Exclude or, Alternatively Limit, the Report and Testimony of Norman J. Dufour, Jr.[1] filed by Roderick Hollies ("Plaintiff"). Triton Asset Leasing GmbH and Transocean Offshore Deepwater Drilling Inc. ("Defendants") have filed an opposition.[2] For the following reasons, the Motion to Exclude or, Alternatively Limit, the Report and Testimony of Norman J. Dufour, Jr.[3] is **GRANTED.**

# BACKGROUND

This action arises out of injuries sustained by Plaintiff on April 23, 2018 while descending a stairway on the vessel D/S Discoverer India. Plaintiff contends Dufour's opinions are not based upon reliable methodology in his field. Dufour opines that the stair in question was reported to be in good condition, that the method used to descend the stair was a personal judgment call on Plaintiff's part, and that the stairs were suitable for their intended service. Because Dufour relied

---

[1] R. Doc. 139.
[2] R. Doc. 141.
[3] R. Doc. 139.

upon measurements and other documentation provided by the vessel owner as well as Plaintiff's deposition, Plaintiff claims his methodology is unreliable in this instance.

## LAW AND ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[4] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[5]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[6] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[7] Second, the court must determine whether the testimony will assist the trier of fact to understand the evidence.[8] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[9] However, "Rule 702 does not mandate that an expert be highly qualified in order

---

[4] Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir.2006).
[5] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998).
[6] *Daubert*, 509 U.S. at 588; *Hitt*, 473 F.3d at 148.
[7] *Daubert*, 509 U.S. at 590.
[8] *Daubert*, 509 U.S. at 591.
[9] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).

to testify about a given issue."[10] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[11]

Defendants acknowledge that Plaintiff's motion must be considered in the context of Robert Borison's report, which has been excluded. The Court found that no expertise was required or used to render Borison's opinion and that the opinion would not assist the trier of fact in resolving any issues in this case. Likewise, Dufour's opinions required no expertise and are matters within the common knowledge of an average fact-finder. Dufour's report merely discusses the reported condition of the stairs at issue and Plaintiff's motivation for selecting a method to descend the stairs. Expert testimony is not needed for these issues because this case involves the simple question why Plaintiff fell down the stairs. Therefore, the Court finds Dufour's testimony will not assist the trier of fact to understand the evidence in this case.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Exclude or, Alternatively Limit, the Report and Testimony of Norman J. Dufour, Jr.[12] is **GRANTED**

**New Orleans, Louisiana**, on this 10th day of December, 2020.

**GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE**

---

[10] *Huss*, 571 F.3d at 452.
[11] *Huss*, 571 F.3d at 452.; *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[12] R. Doc. 139.